United States Court of Appeals
Fifth Circuit
**F I L E D**

**January 23, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-40971
Summary Calendar

ANGIE R. MEYER,

Plaintiff - Appellant,

VERSUS

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY.,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division
6: 03-CV-487

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Plaintiff Angie Meyer appeals the decision of the Commissioner of Social Security,

denying her claim for a period of disability and disability insurance benefits. Finding no error, we

affirm.

Meyer's claimed disability relates to problems with her back and hip. Meyer asserts that

the ALJ rejected the opinion of her treating physician Dr. Randle without performing the detailed

analysis required by 20 C.F.R. § 404.1527(d). This regulation provides that the Social Security

Administration will always give good reasons in its notice of determination or decision for the

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

weight given the claimants' treating physician's opinion and lists factors the ALJ must consider to assess the weight to be given the opinion of the treating physician when the ALJ determines that the opinion is not entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2).

Although the ALJ specifically stated that he gave "significant weight to Dr. Randle's findings on his clinical examination of Ms. Meyer," Meyer argues that the ALJ implicitly rejected Dr. Randle's opinion that Meyer needs the opportunity to change positions at will, i.e. from sitting to standing or walking, including the need to move around even if it means being away from a work station, and that Meyer was likely to be absent from work more than four days per month. The basis of Meyer's position is that Randle's opinions were posed as factual hypotheticals to a vocational expert and the ALJ stated that the hypotheticals were "unsubstantiated by the evidence of record."

Meyer relies on this court's decision in Newton v. Apfel, 209 F.3d 448 (5th Cir. 2000), in which the ALJ rejected a treating physician's opinion that the claimant could not perform sedentary work, despite a lack of competing first-hand medical evidence. We reversed and remanded the denial of benefits because the ALJ failed to give sufficient weight to the opinion of the plaintiff's treating physician without performing the detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d).

We view this case as factually distinct from Newton. First, the ALJ explicitly gave the clinical opinion of Dr. Randle "significant weight." The only opinion the ALJ rejected was Dr. Randle's opinion that Meyer's was disabled, a decision reserved to the Commissioner. In Newton, the ALJ gave the opinion of the treating physician no weight. Id. at 455. Second, it is clear from the ALJ's decision that the ALJ rejected the factual basis of the hypotheticals on the

2

basis of evidence other than Dr. Randle's opinion, i.e. competing first hand medical evidence and Ms. Meyer's testimony about her daily activities. The decision states that because Meyer's conditions did not qualify as a listed impairment, the ALJ considered her testimony and her condition's impact upon work to determine her residual functional capacity. The ALJ cited the following evidence to reject the hypotheticals: "Ms. Meyer's condition is fairly stable as her visits with neurosurgeon Randal are once every three months. Ms. Meyer has a very full day with her activities of daily living despite her complaints of drowsiness. Ms. Meyer admits that she is not always in constant severe pain." In Newton, in contrast, the ALJ rejected the opinion of the treating physician based on the opinion of a non-treating, non-examining physician, which is improper. Id. at 456-57. In this case, the magistrate judge noted that the ALJ's findings were consistent with the opinions of Meyer's other treating physician, Dr. Tanhui. In summary, the ALJ did not reject the opinion of Meyer's treating physician and the cited regulation requiring further analysis does not apply. Accordingly, the Commissioner did not apply an improper legal standard in its analysis of Meyer's case. Id. at 452. We note also that it is clear from the record that the ALJ's decision is supported by substantial evidence, including the testimony of one of her treating physicians, Dr. Tanhui.

AFFIRMED.

3